UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER DOMINGUE,<br><br>    *Plaintiff*,<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES, LLC<br>and TRANSUNION LLC,<br><br>    *Defendants*. | Civil Action No.: _____<br><br><br>**COMPLAINT**<br><br>**JURY DEMANDED HEREON** |

Christopher Domingue, Plaintiff herein, by his attorneys, alleges and complains of Defendants as follows:

**PRELIMINARY STATEMENT**

1. Christopher Domingue ("Plaintiff" or "Mr. Domingue") is a victim of identity theft.

2. His Discover card was used to rack up $11,086.34 in unauthorized charges.

3. Without legitimate basis, Discover continues to demand that Mr. Domingue pay these charges.

4. Further, Discover has inaccurately reported to credit reporting agencies that Mr. Domingue's account balance is more than $11,000.00 higher than it should be.

5. TransUnion, which failed to conduct a reasonable investigation of the unauthorized charges, continues to report the inaccurate information.

6. Mr. Domingue brings claims against Discover for violations of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666 *et seq.*, New York General Business Practice § 349 ("NYGBL § 349"), and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and at common law.

1

7. Mr. Domingue brings claims against TransUnion for violations of the FCRA and New York General Business Law § 380, *et seq.* ("NY FCRA").

## JURISDICTION AND VENUE

8. The Court has jurisdiction pursuant to 15 U.S.C. §§ 1640(e), 1681p, and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

9. Jurisdiction over Plaintiff's claims for declaratory relief is conferred by 28 U.S.C. §§ 2201.

10. Venue is proper in this District because Plaintiff resides in this District, a substantial part of the events and occurrences underlying this litigation occurred within this District, and Defendants regularly conduct business here.

## PARTIES

11. Plaintiff Christopher Domingue is a natural person and citizen of New York residing in Brooklyn, New York.

12. Mr. Domingue is a "consumer," as described in 15 U.S.C. § 1602(h).

13. Mr. Domingue is a Vice President of Finance Regulatory Reporting at BNY Mellon.

14. Discover Financial Services, LLC ("Discover") is a national bank and was, at all times relevant to this Complaint, a "creditor," as defined by 15 U.S.C. § 1602(f).

15. Discover is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2, et seq.).

16. TransUnion LLC ("TransUnion") is a Delaware corporation, duly authorized and qualified to do business in the state of New York.

17. TransUnion is a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and NY FCRA (G.B.L. § 380-a(e)).

## FACTS

18. Over a period of years, and like many consumers, Mr. Domingue lost his wallet either by misplacing it or by theft.

19. Subsequent to these incidents, someone other than Mr. Domingue, and without his consent, used Mr. Domingue's Discover credit card to incur unauthorized charges.

20. Specifically, the unauthorized charges include:

   a. Cantina Rooftop, $2,062.00 charge on 5/8/2016;

   b. Catch, $1,159.88 charge on 3/29/2017;

   c. Aces Long, $2,500.00 and $500.00 charges on 3/30/2017;

   d. Stage 48, $1,825.00 charge on 8/6/2017; and

   e. The Gilded Lily, $2,999.34 charge on 12/3/2017.

21. In each instance, Mr. Domingue contacted Discover to dispute the fraudulent charges.

22. Mr. Domingue has never frequented the nightclubs and high-end restaurants where the disputed charges occurred.

23. Nor, more generally, did Mr. Domingue have any history of regularly spending large sums at these sorts of establishments.

24. In each instance, Discover reversed the charges.

25. However, on December 11, 2017, just three days after reversing the $2,999.34 charge at The Gilded Lily, Discover inexplicably added the charge back to Mr. Domingue's account.

26. In January 2018, Discovery canceled Mr. Domingue's credit card. Mr. Domingue did not object to the cancellation because he did not use the card often.

27. Discover also requested Mr. Domingue provide a police report regarding the December 2017 incident, which Mr. Domingue did.

28. On April 6, 2018, Discover added back to Mr. Domingue's account $2,062.00 for the Cantina Rooftop charge that had occurred almost two years prior.

29. On April 8, 2018, Discovery added back all of the remaining disputed charges.

30. Thus, as of April 8, 2018, Discover had increased Mr. Domingue account balance by $11,086.34.

31. Because of Discover's unlawful chargebacks, Mr. Domingue has been paying over $500.00 per month toward a balance he does not owe.

32. He has been paying this amount to mitigate the damage his credit score would suffer if he did not make the monthly payments.

33. To make matters worse, on October 10, 2018, Discover notified Mr. Domingue that Discover will increase his monthly payment if he does not pay $6,803.68 within 60 days.

34. In May 2018, despite Mr. Domingue's efforts to maintain his excellent credit score, American Express decreased Mr. Domingue available credit line by 50% based on Discover's chargebacks.

35. On, May 16, 2018, Plaintiff's counsel sent a detailed dispute letter to Discover requesting that Discover remove the $11,086.34 in unauthorized charges.

36. On July 16, 2018, Discover responded with a one-page letter stating that it had conducted a "reasonable investigation" and that it had found Mr. Domingue liable for the unauthorized charges.

37. Discover did not provide any details about what it did to conduct a "reasonable investigation."

38. On May 23, 2018, Plaintiff mailed a letter to TransUnion explaining his dispute with Discover regarding the unauthorized charges.

39. On October 3, 2018, TransUnion responded to Mr. Domingue's May 23, 2018 letter. In the letter, TransUnion represented that after it had "investigated" the dispute, TransUnion "verified" the accuracy of the information Discover provided.

40. Based on its "investigation," TransUnion added back to Mr. Domingue's credit report a total balance for his Discover account of $17,008.00, which includes the $11,086.34 in unauthorized charges.

## FIRST CLAIM FOR RELIEF
### Fair Credit Billing Act, 15 USC 1666, *et seq*.
### Against Discover

41. Mr. Domingue repeats and re-alleges and incorporates by reference the foregoing paragraphs.

42. Discover did not conduct a reasonable investigation of the unauthorized charges.

43. Mr. Domingue has never patronized the restaurants and night clubs where the unauthorized charges occurred.

44. Mr. Domingue became a Discover cardholder in 2013 and his years-long purchasing history is inconsistent with the unauthorized charges.

45. Discover never even requested information regarding Mr. Domingue's knowledge of who used the card.

46. Mr. Domingue has no knowledge of who used the card.

47. Upon information and belief, the signature on the credit slips signed by the

identity thief will not match Mr. Domingue's signature.

48. In short, any reasonable investigation of these charges would have resulted in their permanent removal from Mr. Domingue's account.

49. Discover's actions and omissions as set forth above constitute violations of the FCBA. These violations include, without limitation:

    a. Unlawfully charging Mr. Domingue for transactions he never authorized;

    b. Failing to adequately investigate the dispute and correct Mr. Domingue's bill by permanently reversing the charges related to the transactions.

    c. Failing to send to Mr. Domingue a written explanation or clarification, setting forth the valid reasons why Discover believes Mr. Domingue is liable for the disputed charges.

    d. Failing to cease billing and collection activity upon notification by Mr. Domingue that the account was disputed.

50. As a result of Discover's violations of the FCBA, Mr. Domingue is entitled to actual damages, statutory damages, declaratory judgment that Discover has violated the statute, costs and reasonable attorney's fees.

## SECOND CLAIM FOR RELIEF
**NYGBL § 349 (Deceptive Acts and Practices Unlawful)**
**Against Discover**

51. Mr. Domingue repeats and re-alleges and incorporates by reference the foregoing paragraphs.

52. In the course of its dealings with Mr. Domingue, Discover has engaged in deceptive conduct in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of §349 independent of whether Discover's conduct violated any other law.

53. Specifically, but without limitation, Discover's deceptive conduct included:

    a. Unlawfully charging Mr. Domingue for transactions he never authorized;

    b. Failing to adequately investigate the dispute and correct Mr. Domingue's bill by

permanently reversing the charges related to the transactions, while falsely claiming to have done an adequate investigation;

c. Attempting to bill and collect on sums not owed (and regarding which any reasonable investigation would have determined were not owed).

54. Discover's conduct as alleged herein is "consumer oriented." Indeed, far from a "one shot transaction," Discover deals with a large volume of customers who dispute unauthorized charges.

55. Discover's failure to conduct a true "reasonable investigation" leads to consumers being forced to pay for unauthorized charges or face the specter of litigation and/or ruined credit.

56. Discover's misconduct as set forth above is part of a recurring policy and practice and has the potential to be repeated with regard to a large number of consumers.

57. Each of these deceptive acts and practices is one that has a broad impact on consumers.

58. As a result of these violations of NYGBL §349, Mr. Domingue has suffered actual damages and is entitled to actual and/or statutory damages, punitive damages; declaratory judgment that Discover has violated the statute, costs, and reasonable attorney's fees.

**THIRD CLAIM FOR RELIEF**
**Declaratory Judgment**
**Against Discover**

59. Mr. Domingue repeats and re-alleges and incorporates by reference the foregoing paragraphs.

60. Given Discover's continued demand that Mr. Domingue pay the unauthorized charges and its continued reporting of incorrect information to credit reporting agencies, Discover's conduct has created a real and reasonable apprehension of liability on Mr. Domingue's part.

61. Discover's conduct constitutes a course of conduct that has brought Mr.

7

Domingue into adversarial conflict with Discover.

62. Mr. Domingue did not authorize the balance transfer and therefore does not owe Discover any money.

63. Mr. Domingue is entitled to and hereby seeks a declaratory judgment that he was not liable for the charges in question and that they are not properly reported on his credit reports.

**FOURTH CLAIM FOR RELIEF**
**VIOLATIONS OF FCRA § 1681s-2(b)**
**Against Discover (Furnisher of Information to CRAs)**

64. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

65. Mr. Domingue, through his counsel, gave Discover written and detailed notice that Mr. Domingue disputed the unauthorized charges, thus triggering Discover's duty to investigate the substance of the dispute.

66. Discover violated §1681s-2(b) by its acts and omissions, including, but not limited to:

   a. failing to conduct a reasonable investigation of Mr. Domingue's dispute;

   b. failing to review all relevant information provided by consumer reporting agencies; and

   c. failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of §1681s-2(b)(1).

67. As a result of Discover's violations of §1681s-2(b)(1), Mr. Domingue suffered actual damages including but not limited to loss of credit, damage to reputation, embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the FCRA.

68. These violations of §1681s-2(b)(1) were willful, rendering Discover liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in

8

an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

69. In the alternative, Discover was negligent, entitling Mr. Domingue to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

### FIFTH CLAIM FOR RELIEF
### VIOLATIONS OF FCRA § 1681e(b) and § 1681i
### Against TransUnion

70. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

71. TransUnion violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions including but not limited to:

    a. failing to conduct a reasonable investigation to determine whether the disputed information is inaccurate and delete the item from Mr. Domingue's credit file in violation of § 1681i(a)(1);

    b. by failing to review and consider all relevant information submitted by Mr. Domingue in violation of § 1681i(a)(4); and

    c. by failing to properly delete the disputed inaccurate items of information from Mr. Domingue's credit files or modify the items of information upon a lawful reinvestigation in violation of § 1681i(a)(5).

72. TransUnion violated 15 U.S.C. § 1681e(b) by its conduct, acts and omissions, including but not limited to failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Domingue in the preparation of his credit report and credit files that it published and maintained.

73. TransUnion violated §1681c-2 by failing to block information that Plaintiff identified as resulting from an alleged identify theft and, upon information and belief, violated §1681c-2(b) by failing to notify Discover that the information has been blocked.

74. As a result of TransUnion's violations of § 1681i and §1681e(b), Mr. Domingue suffered actual damages including but not limited to: loss of credit, damage to reputation,

embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the FCRA.

75. These violations of § 1681c-2; 1681i and § 1681e(b) were willful, rendering TransUnion liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

76. In the alternative, TransUnion was negligent, entitling Mr. Domingue to recover actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

## SIXTH CLAIM FOR RELIEF
### VIOLATIONS OF NY FCRA §380-f and §380-j
### Against TransUnion

77. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

78. TransUnion violated multiple sections of the NY FCRA (NY GBL §§380- 380-u) by its acts and omissions including:

   a. failing to promptly investigate Mr. Domingue's dispute to determine whether the disputed information is inaccurate and record the current status of the disputed information in violation of §380-f(a); and

   c. failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Domingue in the preparation of his credit report and credit files that it published and maintained in violation of §380-j(e).

79. These violations of §380-f and §380-j(e) were willful, rendering TransUnion liable for actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to §380-l and entitling Mr. Domingue to injunctive relief restraining TransUnion from any further violations of Mr. Domingue's rights pursuant to the NY FCRA.

80. In the alternative, TransUnion was negligent, entitling Mr. Domingue to recover actual damages, costs, and reasonable attorney's fees pursuant to §380-m as well as injunctive relief restraining TransUnion from any further violations of Mr. Domingue's rights pursuant to the NY FCRA.

**WHEREFORE**, Mr. Domingue seeks judgment in his favor and damages against Defendants:

A. awarding Mr. Domingue against all Defendants actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees;

B. entering a declaratory judgment that Mr. Domingue is not liable for the charges in question and that they are not properly reported on his credit reports;

C. ordering TransUnion to immediately delete all inaccurate information from Mr. Domingue's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information and to send updated and corrected credit report information to all persons and entities to whom they have reported inaccurate information about Mr. Domingue within the last three years.

D. enjoining TransUnion from violating Plaintiff's NY FCRA rights;

E. such other and further relief as may be necessary, just, and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Mr. Domingue demands a trial by jury as to all issues so triable.

Dated: November 2, 2018.

Respectfully Submitted,

*/s/ Daniel A. Schlanger*
Daniel A. Schlanger
Schlanger Law Group LLP
9 East 40th Street, Suite 1300
New York, NY 10016
T: 212-500-7116
F: 646-612-7996
dschlanger@consumerprotection.net

Brian K. Herrington (to apply *pro hac vice*)
Schlanger Law Group LLP
602 Steed Road, Suite 100
Ridgeland, MS 39157
T: 601-208-0013
F: 646-612-7996
bherrington@consumerprotection.net